[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff in the above action, Michael Cabrera, brings this action against two defendants, Ivan Constant and Land Transit Corporation, for personal injuries allegedly sustained in a motor vehicle collision on March 5, 1996, at which time the plaintiff was the operator of a motor vehicle.
The defendant moves to dismiss on the grounds that the writ of summons fails to state the name and address of one Maritza Rivera, who was allegedly the owner of the vehicle which the plaintiff was operating and who, it is claimed in the second count, seeks damages for damage to her vehicle.
The defendant moves to dismiss the entire complaint on the grounds that this "constitutes an incurable jurisdictional defect." The defendant does not point out to the court how this failure to list Rivera in the writ of summons affects the court's personal jurisdiction as concerns the cause of action of Cabrera against these defendants. The complaint by Cabrera against the defendants was proper in all respects and was properly served upon the defendants and was properly returned to court.
Whether Rodriguez, the holder of a separate cause of CT Page 1314 action against the defendants for her personal loss, the damage to her automobile, has properly invoked the jurisdiction of the court, is not the specific matter before this court. This is not a motion to dismiss the claim of Rodriguez. It is a motion to dismiss the entire action.
The defendant does not claim that Rodriguez is a "necessary party" to this action. See Practice Book Sec. 152(3). Neither of these persons, Rodriguez or Cabrera, arenecessary parties for either of them to prosecute their own cause of action in their own name. Furthermore, the procedure to address that subject, nonjoinder of necessary
parties, would be a motion to strike, not a motion to dismiss. See Practice Book Sec. 152, 198, 100.
Should the defendants move to eliminate the claims of Rodriguez on the grounds of lack of personal jurisdiction as concerns the cause of action of Rodriguez, and if such motion is granted, it is obvious that Rodriguez can then commence her own action and move to consolidate the actions; or may possibly petition the court to be added and summoned in as a party, per Practice Book Sec. 100, 103.
For the reasons set forth herein, the motion to dismiss the action is denied.
L. Paul Sullivan, J.